Kevin BARTHOLOMEW,
Plaintiff–Appellant,

v.

Alvaro C. TRAQUINA, M.D.; W. Thompson, LVN, as CTC Specialty Clinic Nurse, Defendants–Appellees.

No. 13–16645.

United States Court of Appeals,
Ninth Circuit.

Submitted March 10, 2015.*

Filed March 20, 2015.

Kevin Bartholomew, Vacaville, CA, pro se.

Kathleen Boergers, Office of the California Attorney General, Oakland, CA, Thomas S. Patterson, Esquire, Supervisory, California Department of Justice, San Francisco, CA, for Defendants–Appellees.

Before: FARRIS, WARDLAW, and PAEZ, Circuit Judges.

MEMORANDUM ***

California state prisoner Kevin Bartholomew appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Toguchi v. Chung*, 391

F.3d 1051, 1056 (9th Cir.2004), and we affirm.

The district court properly granted summary judgment because Bartholomew failed to raise a genuine dispute of material fact as to whether defendants acted with deliberate indifference to Bartholomew's skin condition or shoulder pain. *See id.* at 1057–60 (a prison official acts with deliberate indifference only if he or she knows of and disregards an excessive risk to a prisoner's health; negligence or medical malpractice is insufficient to establish an Eighth Amendment violation); *see also McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th · Cir.1992) ("A defendant must purposefully ignore or fail to respond to a prisoner's pain or possible medical need in order for deliberate indifference to be established."), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir.1997) (en banc).

We reject Bartholomew's contentions that the magistrate judge was biased and that defendants had not consented to the magistrate judge's jurisdiction.

**AFFIRMED.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.